DOWD, J.

## UNITED STATES DISTRICT COURT
### NORTHERN DISTRICT OF OHIO
### WESTERN DIVISION

| | | |
|---|---|---|
| Willie J. Copeland, | ) | |
| | ) | CASE NO. 3:02CV7240 |
| Plaintiff(s), | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | (Resolving Doc. No. 70) |
| IBEW Local No. 8, | ) | |
| | ) | |
| Defendant(s). | ) | |
| | ) | |

### **INTRODUCTION**

Before the Court is Plaintiff Willie Copeland's Motion for Relief from Judgment pursuant to Fed. R. Civ. P. 60(b)(6) (Doc. No. 70). Defendant has filed a response opposing the motion (Doc. No. 72) and Plaintiff has filed a reply brief in support (Doc. No. 74).

Plaintiff claimed in this lawsuit that the Defendant union failed to process race based grievances, discouraged the filing of such grievances and also failed to protect the interests of its minority members in the collective bargaining process. On June 7, 2005 the Court issued a 20 page Memorandum Opinion in which the Court concluded that Defendant's Motion for Summary Judgment should be granted. On September 12, 2005, counsel for Plaintiff sought leave to file a notice of appeal instanter. The Court denied Plaintiff leave to appeal.

Through new counsel, Plaintiff filed his Rule 60(b) motion on June 7, 2006. The Court conducted a hearing on Plaintiff's Motion on August 1, 2006 at which time counsel argued in support of their respective positions. The Court granted leave until September 1, 2006 for the

(3:02CV7240)

parties to confer to see if a resolution of this matter might be possible. The docket reflects that

there has been no resolution of this matter.

For the following reasons, Plaintiff's Motion pursuant to Fed. R. Civ. P. 60(b)(6) is

denied.

## **DISCUSSION**

Plaintiff's new counsel, Dennis Grant, argues that the conduct of Plaintiff's former

counsel, Gerald Baker, was so inept that the Court should invoke the protections of Rule

60(b)(6) to set aside the judgment.

Fed. R. Civ. P.  60(b) provides in relevant part:

> On motion and upon such terms as are just, the court may relieve a party or a
> party's legal representative from a final judgment, order or proceeding for the
> following reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2)
> newly discovered evidence which by due diligence could not have been
> discovered in time to move for a new trial under Rule 59(b); (3) fraud . . . ,
> misrepresentation, or other misconduct of an adverse party; (4) the judgment is
> void; (5) the judgment has been satisfied, released, or discharged, or a prior
> judgment upon which it is based has been reversed or otherwise vacated, or it is
> no longer equitable that the judgment should have prospective application; or (6)
> any other reason justifying relief from the operation of the judgment.

The motion for relief from judgment states the basis for its claim as follows:

> Attorney Baker failed to conduct adequate discovery, failed to attend a status
> conference on Mr. Copeland's behalf, and is currently under investigation by the
> Toledo Bar Association and the Office of Disciplinary Counsel of the Ohio
> Supreme Court for attorney misconduct. Despite Mr. Copeland's diligent attempts
> to contact Attorney Baker regarding the status of his case, Attorney Baker failed
> to inform Mr. Copeland of the Court's grant of summary judgment to Defendant
> until after the time for appeal had passed. Attorney Baker's misconduct
> constitutes "gross negligence" and warrants relief from judgment pursuant to
> Federal Rule of Civil Procedure 60(b)(6)."

Motion for Relief From Judgment, Doc. No. 70 at 1-2.

2

(3:02CV7240)

The Court disagrees. A review of cases in the Sixth Circuit demonstrates that the extraordinary circumstances required for relief pursuant to Rule 60(b)(6) are not present in this case.

Plaintiff's new counsel cites several cases in support of its motion that state, generally, that where an attorney fails to show up in court on behalf of their client and in effect allows a default judgment to be taken against the client, Rule 60(b)(6) may offer relief because of inexcusable neglect. See <u>Fuller v. Quire</u>, 916 F.2d 358 (6th Cir. 1990).

That was not the case here. The status conference Mr. Baker missed did not prejudice his client. Further, Plaintiff's counsel responded to the motion for summary judgment and submitted in excess of 100 exhibits in support of the defense to that motion. Mr. Baker claimed that his failure to file an appeal from the judgment was not his fault, as he claimed he did not receive it, although the Court's records indicated that he did.

In <u>McCurry Ex Rel. Turner v. Adventist Health System</u>, 298 F.3d 586 (6th Cir. 2002), the Sixth Circuit reversed the lower court and found that the district court abused its discretion in setting aside a judgment based on a Rule 60(b)(6) motion that alleged attorney errors similar to the ones in this case. The panel quoted from another recent Sixth Circuit decision to underscore the limited nature of relief according to Rule 60(b)(6):

> [R]elief under Rule 60(b) is circumscribed by public policy favoring finality of judgments and termination of litigation. This is especially true in an application of subsection (6) of Rule 60(b), which applies only in exceptional or extraordinary circumstances which are not addressed by the first five numbered clauses of the Rule. This is because almost every conceivable ground for relief is covered under the other subsections of the Rule 60(b). Consequently, courts must apply Rule 60(b)(6) relief only in unusual and extreme circumstances where principles of equity <u>mandate</u> relief.

3

(3:02CV7240)

McCurry, 298 F.3d at 592, quoting from Blue Diamond Coal Co. v. Trustees of UMWA Combined Benefit Fund, 249 F.3d 519, 524 (6th Cir. 2001) (emphasis in original).

The Sixth Circuit in McCurry concluded that while the attorney errors in that case, which included the failure to file a timely notice of appeal, may present a claim for attorney malpractice, they did not present adequate grounds under either Rule 60(b)(1) or the more stringent standards of Rule 60(b)(6). Furthermore, the same considerations when applied to the instant case counsel against setting aside the judgment in this case. Plaintiff had the benefit of counsel to prosecute its case. Plaintiff opposed the motion for summary judgment and submitted materials in support of his arguments. The Court expended significant resources in attending to the motion for summary judgment and issued a thorough ruling, at times agreeing with Plaintiff on a point of law, ultimately disagreeing and finding that summary judgment should be granted to defendant. The rule of finality of judgments serves all litigants as it enables the Court to timely address all pending matters. The fair and final judgment previously issued in this matter will not be disturbed.

## CONCLUSION

For the reasons stated, Plaintiff's Motion pursuant to Fed. R. Civ. P. 60(b) (Doc. No.70) is denied.

IT IS SO ORDERED.

October 16, 2006                          /s/ David D. Dowd, Jr.
Date                                      David D. Dowd, Jr.
                                          U.S. District Judge

4